IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL BAKER,     )
           )
   Plaintiff,   )  CIVIL ACTION
           )  FILE NO. 1:12-cv-03493-JEC
v.           )
           )
           )
SELECT PORTFOLIO SERVICING, )
INC., BANK OF AMERICA, NA,  )
DEUTSCHE BANK NATIONAL TRUST, )
COMPANY, as Trustee for the )
Certificateholders of The  )
Morgan Stanley ABS Capital 1 )
Inc, Trust 2003-NC10,   )
Mortgage Pass Through   )
Certificates, Series 2003- )
NC10, MORTGAGE ELECTRONIC  )
REGISTRATION SYSTEMS, INC., )
NEW CENTURY MORTGAGE    )
CORPORATION, and RUBIN   )
LUBLIN, LLC,      )
           )
           )
   Defendants.   )

## ORDER & OPINION

This case is before the Court on the plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [2], the plaintiff's Motion for Declaratory Relief [3], the defendant Rubin Lublin LLC's Motion to Dismiss [4], and the defendant Bank of America, NA's Motion to Dismiss [6]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that the plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [2] should be **DENIED**,

the plaintiff's Motion for Declaratory Relief [3] should be **DENIED as moot**, the defendant Rubin Lublin LLC's Motion to Dismiss [4] should be **GRANTED**, and the defendant Bank of America, NA's Motion to Dismiss [6] should be **GRANTED**.

## BACKGROUND

On August 29, 2012, plaintiff Michael Baker filed this action for permanent injunction of any and all foreclosure and collection activities against Select Portfolio Servicing, Inc. ("Select Portfolio"), Bank of America, NA ("BANA"), Deutsche Bank National Trust Co., as Trustee for the Certificateholders of the Morgan Stanley ABS Capital 1 Inc., Trust 2003-NC10, Mortgage Pass through Certificates, Series 2003-NC10 ("Deutsche Bank"), Mortgage Electronic Registration Systems, Inc. ("MERS"), New Century Mortgage Corporation ("New Century"), and Rubin Lublin LLC ("Rubin Lublin") (collectively "Defendants") in Rockdale County Superior Court. (Defs.' Notice of Removal [1-1].)  The property at issue is located at 1341 Oxford Drive SE, Conyers, Georgia 30013.  (*Id.*)  On October 5, 2012, defendants Select Portfolio, Deutsche Bank, and MERS (collectively "Removing Defendants") removed the suit to the United States District Court for the Northern District of Georgia.  (*Id.* [1].)

In his complaint, the plaintiff alleges multiple grievances against the defendants.  The plaintiff states that he signed a

2

promissory note in favor of defendant New Century and that he executed a security deed granting the defendant MERS, as nominee for defendant New Century, the power of sale of his property. (*Id.* [1-1] at ¶¶ 15, 22.) Plaintiff alleges that the security deed specified that it was a "deed passing title [and] not as a mortgage," which "did not entitle MERS or any other entity the right to receive payment pursuant to the Plaintiff's promissory note." (*Id.* at ¶¶ 16-17.) At an unspecified time, the security deed was assigned to the defendant Select Portfolio, which subsequently foreclosed on the plaintiff's property. (Defs.' Notice of Removal [1-1] at ¶¶ 25, 31.) Plaintiff claims that defendant Select Portfolio had no right to initiate a foreclosure sale over the plaintiff's property. (*Id.* at ¶ 27.)

Specifically, plaintiff alleges that the defendant Select Portfolio:

> acted in bad faith in foreclosing . . . failed to honor the terms of the Security Deed . . . negligently serviced the subject loan in breach of its duty to Plaintiff . . . [and] showed such willful misconduct, malice, fraud, wantonness, oppression, or the entire want of care as to raise the presumption of a conscious indifference to consequences and a specific intent to cause harm.

(*Id.* at ¶¶ 31, 41, 48, 53.) Without naming individual defendants, the plaintiff avers that the defendants "knew that the Plaintiff [would rely on] Dfendants' (sic) misrepresentation that no foreclosre (sic) sale would be conducted on Defendant's Property," and that the

3

defendants "acted willfully to deceive the Plaintiff . . . [and] recklessly in dealing with the Plaintiff." (*Id.* at ¶¶ 64, 68-69.) Further, the plaintiff argues the defendants' "actions show a willful misconduct, malice, fraud, wantonnees (sic), oppression, or the entire want of care as to raise the presumption of a conscious indifference to consequences and a specific intent of caus[ing] harm." (*Id.* [1-1] at ¶ 38.)   The plaintiff does not name the defendants Bank of America, NA ("BANA") or Rubin Lublin LLC ("Rubin Lublin") in any specific allegation of the complaint.   In fact, the complaint is devoid of any mention of the defendants Rubin Lublin or BANA in their individual capacities, save for their names in the style of the case.

Plaintiff has filed two motions: a motion for temporary restraining order and a motion for declaratory relief. (Pl.'s Mot. for TRO and/or Prelim. Inj. "PMTRO" [2], Pl.'s Mot. for Declaratory Relief to set aside Foreclosure for Injunctive Relief and Pet. for Quiet Title "PMDR") [3].) Defendant Rubin Lublin has filed a motion to dismiss. (Def. Rubin Lublin's Mot. to Dismiss [4].)   Defendant BANA has filed a motion to dismiss. (Def. BANA's Mot. to Dismiss [6].)  All four of these motions are presently before the Court.

## DISCUSSION

## I.   PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

On August 29, 2012, plaintiff filed a motion for temporary

4

restraining order and/or preliminary injunction in the Superior Court of Rockdale County, Georgia.  (PMTRO [2].)  Plaintiff filed the motion pursuant to Georgia law:  O.C.G.A. § 9-11-65.[1]  With no opposition from plaintiff, however, the present case was removed to the Northern District of Georgia by the defendants on October 5, 2012.  (Defs.' Notice of Removal [1].)  Thus, the federal standard for granting injunctive relief now applies.  That standard requires a movant to show:

> (1)substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). The plaintiff has not filed a motion for temporary restraining order or preliminary injunction that would satisfy the federal standards for such a motion.  For instance, the plaintiff's motion does not discuss whether the threatened injury outweighs any damage the proposed injunction would have on the defendants, nor does it mention whether the proposed injunction would be adverse to the public interest.

---

[1]    *See* O.C.G.A. § 9-11-65(d)(stating that "[e]very order granting an injunction and every restraining order shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained . . . .").

The plaintiff alleges that he will be "irreparably harmed" without an emergency order. (PMTRO [2] at ¶ 26.) The Court notes, however, that the present motion was filed over eleventh months ago. (*Id.*) The plaintiff has made no effort to pursue the motion upon removal, which undermines any argument that the motion is meritorious or urgent. Accordingly, the plaintiff's motion for temporary restraining order and/or preliminary injunction is **DENIED**.

## II.  **PLAINTIFF'S MOTION FOR DECLARATORY RELIEF**

On August 29, 2012, the plaintiff also filed in the Superior Court of Rockdale County, Georgia, a motion for declaratory relief to set aside foreclosure for injunctive relief and petition for quiet title. This motion largely mimics the plaintiff's complaint and essentially requests the same relief that is sought in the underlying complaint. The plaintiff asks that the foreclosure be set aside, that the defendants be enjoined from further action, that the plaintiff be awarded the costs of suit, and that the plaintiff's mortgage be cancelled and rescinded. (PMDR [3].)[2] Accordingly, as the plaintiff will achieve the above relief only if he prevails in

---

[2]    The plaintiff seeks similar relief in his complaint: "the Plaintiff request[s] this Court to set aside the foreclosure attempt, order that the Plaintiff retain possession of the premises, bar and forever estop the Defendants from having or claiming any right or title to the premises adverse to the Plaintiff, award the Plaintiff's attorney fees and costs, and for such other and further relief the Court deems just and proper[.]" (Defs.' Notice of Removal [1-1] at ¶ 38.)

6

the litigation, the plaintiff's motion for declaratory relief is **DENIED as moot**.

### III.  DEFENDANTS RUBIN LUBLIN LLC & BANK OF AMERICA, NA'S MOTIONS TO DISMISS[3]

#### A.  Defendants' Motions to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires only that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  In deciding a motion to dismiss under Rule 12(b)(6), the Court assumes that all of the allegations in the complaint are true and construes all of the facts in favor of the plaintiff.  *See Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010).  That said, in order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).   Pleadings that contain nothing more than "'labels and conclusions' [and] 'a formulaic recitation of [a cause of [the]

---

[3]   As the arguments presented in the defendant Rubin Lublin's motion to dismiss and in the defendant BANA's motion to dismiss are essentially the same, the Court will consider the motions together.

AO 72A
(Rev.8/82)

action's] elements'" do not meet the requirements of Rule 8(a)(2), nor do pleadings that merely provide "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

Defendant Rubin Lublin argues that it is "not once mentioned by the Plaintiff in his Complaint . . . [t]he Complaint is entirely absent as to any allegations or facts as to Rubin Lublin." (Def. Rubin Lublin's Mot. to Dismiss [4-1] at 5.) Similarly, the defendant BANA states that the "[p]laintiff does not even mention BANA other than including BANA is (sic) the case caption. The Complaint is absent as to any allegations or facts relating to BANA. Accordingly, Plaintiff has failed to state a claim against BANA . . . ." (Def. BANA's Mot. to Dismiss [6-1] at 8.)

After parsing the plaintiff's complaint, the Court likewise can find no mention of defendant Rubin Lublin or defendant BANA. Plaintiff does not aver any conduct committed by either defendant Rubin Lublin or the defendant BANA that led to the harm allegedly suffered by plaintiff. In fact, the Complaint does not contain allegations of <u>any</u> conduct committed by the defendants Rubin Lublin or BANA at all. Given this glaring omission, the Complaint offers no hint as to either defendant's connection to his claims.

The Court could strain to construe several of the plaintiff's allegations citing to the "defendants" as including the defendants

8

Rubin Lublin and BANA.  However, these allegations of the defendants'
"willful misconduct, malice, fraud, wantonness, [and] oppression" of
the plaintiff are nothing more than blanket statements concerning the
elements of the action.  (Defs.' Notice of Removal [1-1] at ¶ 38.)
The plaintiff's averments fail to identify any specific wrongdoing on
the part of the defendants Rubin Lublin and BANA, and they instead
constitute, the same type of impermissible "labels and conclusions"
described by the Supreme Court in *Iqbal*.  The Court finds no factual
content alleged at all concerning the defendants Rubin Lublin and
BANA, much less factual statements rising to the necessary level of
plausibility.  Thus, the plaintiff has failed to state a claim upon
which relief can be granted against the defendants Rubin Lublin and
BANA.

Additionally, the Court notes that the plaintiff has not filed
a response to either of the defendants' motions to dismiss.  Under
this Court's local rules, "[a]ny party opposing a motion shall serve
the party's response, responsive memorandum, affidavits, and any
other responsive material not later than fourteen (14) days after
service of the motion . . . [f]ailure to file a response shall
indicate that there is no opposition to the motion."  LR 7.1(B),
NDGa.  Accordingly, as the plaintiff's complaint does not state a
claim upon which relief can be granted and as the defendants' motions
to dismiss are unopposed, defendant Rubin Lublin's motion to dismiss

AO 72A
(Rev.8/82)

and the defendant BANA's motion to dismiss are **GRANTED.**[4]

**B.    Jurisdiction over the Remaining Parties**

The Court must also address formally whether it has subject matter jurisdiction over the remaining parties, given the fact that a Georgia citizen (Rubin Lublin)--even though now dismissed---was initially named in the Complaint.  The removing defendants assert that this Court has jurisdiction over the present case pursuant to 28 U.S.C. § 1332(a).  (Defs.'s Notice of Removal [1] at ¶ 9.)  That section grants district courts jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States."[5]  28 U.S.C. § 1332(a)(1).  As the defendants are corporations, the Court must turn to section 1332(c) to determine

---

[4]   As the Court grants the defendants Rubin Lublin and BANA's motions to dismiss because of substantive issues with the complaint and not simply because the plaintiff did not file a response to the motions to dismiss, no issues exist regarding improper dismissal of a *pro se* plaintiff.  *See Mitchell v. Inman*, 682 F.2d 886, 887 (11th Cir. 1982) (stating that a local rule should not serve as the basis for dismissal when nothing indicates that the [pro se] plaintiff was aware of it prior to dismissal).

[5]   The Court determines that the amount in controversy has been satisfied, as the public records of the Board of Tax Assessors for Rockdale County, Georgia reflect that the property in question has been assessed to be valued at $277,400 for the year 2012.  (Defs.' Notice of Removal [1] at ¶ 32.)  *See Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961) (stating "when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.").

10

their citizenship for the purpose of diversity jurisdiction.  Section
1332(c) states: "a corporation shall be deemed to be a citizen of
every State and foreign state by which it has been incorporated and
of the State or foreign state where it has its principal place of
business."  28 U.S.C. § 1332(c)(1).[6]

The plaintiff is a resident and citizen of the State of Georgia.
(Defs.' Notice of Removal [1-1] at ¶ 15, p.20.)  The citizenship of
each remaining defendant is as follows.  Defendant Deutsche Bank is
a national banking association pursuant to federal law and it is a
citizen of New York for diversity purposes.[7]  (*Id.* [1] at ¶ 12.)
Defendant MERS is a foreign corporation, existing under the laws of
Delaware, with its principal place of business in the state of
Virginia.  (*Id.* at ¶ 14.)  Thus, MERS is a citizen of Delaware and
Virginia for the purposes of diversity jurisdiction.  Select

---

[6]  *See also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005)
(stating "Congress surely has not directed that a corporation, for
diversity-of-citizenship purposes, shall be deemed to have acquired
the citizenship of all or any of its affiliates . . . Congress has
provided simply and only this instruction: '[A] corporation shall be
deemed to be a citizen of any State by which it has been incorporated
and of the State where it has its principal place of business.'")
(quoting 28 U.S.C. § 1332(c)(1)).

[7]  "All national banking associations shall, for the purposes of
all other actions by or against them, be deemed citizens of the
States in which they are respectively located."  28 U.S.C. § 1348;
*see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 303 (2006)(holding
that "[a] national bank, for [28 U.S.C.] § 1348 purposes, is a
citizen of the State in which its main office, as set forth in its
articles of association, is located.").

11

Portfolio is incorporated in Utah and has its principal place of business in Utah. (*Id.* at ¶ 15.) Select Portfolio is therefore a citizen of Utah for diversity purposes. Defendant New Century is incorporated under the laws of California and has its principal place of business in California. (Defs.' Notice of Removal [1] at ¶ 21.) New Century is a citizen of California for the purposes of diversity jurisdiction.[8]

Despite the dismissal of the defendants Rubin Lublin and BANA from the case, the Court still must determine the citizenship of the defendants Rubin Lublin and BANA as they originally were joined as parties in the case. Although no document in the record specifically states the defendant Rubin Lublin's citizenship for diversity purposes, the Court can infer through the record that the defendant Rubin Lublin at least has an office in Georgia. (Def. Rubin Lublin's Mot. to Dismiss [4].) The citizenship of BANA is not mentioned in the record. Thus, the Court cannot confirm that the presence of the defendant Rubin Lublin or the defendant BANA would satisfy the complete diversity requirement.

---

[8] The removing defendants go to great lengths to stress that the complaint does not allege any wrongdoing on the part of the defendant New Century and that the defendant New Century's citizenship is therefore irrelevant to the present claim. (Defs.' Notice of Removal [1] at ¶ 20-21.) However, as the defendant New Century has not filed a motion to dismiss and remains a party to the suit, the Court must evaluate its citizenship for diversity purposes.

However, the removing defendants argue that defendants Rubin Lublin and BANA's citizenships should be "disregarded for purposes of determining diversity jurisdiction for removal because they are, at most, nominal parties" as they have been "improperly joined as defendants in this lawsuit." (Defs.' Notice of Removal [1] at ¶¶ 23-24.)  The Eleventh Circuit has recognized that:

> [w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court.  The plaintiff is said to have effectuated a fraudulent joinder, and a federal court may appropriately assert its removal diversity jurisdiction over the case.

*Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)(quotation marks and citation omitted).  "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

As in the present case, when a defendant claims fraudulent joinder of a co-defendant, it must "demonstrate either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.  The defendant must make such a showing by clear and convincing evidence." *Henderson*, 454 F.3d at 1281 (quotation marks and citation omitted).  "The plaintiff need not have a winning case

13

against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287.

In this case, the removing defendants do not allege that the plaintiff has pled fraudulent facts; instead, they claim that there is no possibility that the plaintiff could maintain a cause of action against the defendants Rubin Lublin and BANA. (Defs.' Notice of Removal [1] at ¶¶ 18-19, 23.) The plaintiff has not provided any specific factual basis for the claims against the defendants and does not mention the defendants individually in the complaint. Nor has the plaintiff disputed the above contention by defendants. Based on all the above, including the absence of any possibility that the plaintiff could maintain a cause of action against defendants who are not even mentioned in the body of the Complaint, the Court agrees with the removing defendants that there is no possibility the plaintiff can establish a cause of action against the two dismissed defendants. The Court thus finds that the plaintiff has effectuated fraudulent joinder over the defendants Rubin Lublin and BANA. Accordingly, the Court can properly assert removal diversity jurisdiction over the case as the remaining parties are completely diverse.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court finds that the plaintiff's

14

Motion for Temporary Restraining Order and/or Preliminary Injunction [2] should be **DENIED** and the plaintiff's Motion for Declaratory Relief to Set Aside Foreclosure and Petition for Quiet Title [3] should be **DENIED as moot**. The Court finds that the defendant Rubin Lublin LLC's Motion to Dismiss [4] should be **GRANTED** and the defendant Bank of America, NA's Motion to Dismiss [6] should be **GRANTED**. The defendants Rubin Lublin LLC and Bank of America, NA are hereby **DISMISSED** from the case.

        SO ORDERED, this 6th day of September, 2013.


                              /s/ Julie E. Carnes
                              JULIE E. CARNES
                              CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)